MORROW COUNTY AIRPORT AUTHORITY, APPELLEE,
*v.* WHETSTONE FLYERS, LTD., APPELLANT.

[Cite as *Morrow Cty. Airport Auth. v. Whetstone Flyers, Ltd.,* 112 Ohio St.3d 419, 2007-Ohio-255.]

420

Pfeifer, J.

{¶ 1} In 1981, appellee, Morrow County Airport Authority, and appellant, Whetstone Flyers, Ltd., entered into a contract that allowed Whetstone Flyers to construct and operate airplane hangars on the airport authority's land. The contract required Whetstone Flyers to pay the airport authority $1 per year for the use of the land. According to the terms of the contract, at the termination of the 20–year lease, the airport authority had the option of either purchasing the hangars at a price determined by a three-person arbitration board or of agreeing to a new lease.

{¶ 2} When the lease terminated on December 31, 2000, the airport authority extended it through the end of February 2001. At that time, the airport authority notified Whetstone Flyers that the lease was void and, therefore, that the airport authority owned the hangars. The airport authority's claim that the lease was void was based on the dual involvement of Max Craven, who as president of the airport authority board had signed the lease on behalf of the board. Craven had also been a partner in the Whetstone Flyers at the time the lease was signed. The airport authority claimed that this dual role violated R.C. 308.04 and 2921.42, and it declared the lease void.

{¶ 3} On November 19, 1986, the Morrow County Board of County Commissioners adopted a resolution reaffirming the existence of the airport authority and adopting all prior actions of the airport authority as its own, including the contract in question. The county commissioners took this action without any involvement by Craven.

{¶ 4} On May 21, 2001, the airport authority filed an action for declaratory relief asking the trial court to find the lease void. The airport authority had not previously questioned the validity of the lease. The trial court found that any defects in the lease agreement had been cured when the board of commissioners ratified all the airport authority's previous actions. The court of appeals reversed, concluding that the lease was void because it had been entered into in violation of R.C. 308.04 and 2921.42.

{¶ 5} The cause is before this court upon the acceptance of a discretionary appeal.

{¶ 6} The issue is whether a contract entered into in violation of R.C. 308.04 and 2921.42 is void. This particular contract was subsequently ratified by the

Morrow County Board of County Commissioners, and both parties fully performed for over 20 years. We conclude that the contract is not void.

{¶ 7} R.C. 2921.42(A)(1) provides that a public official may not "[a]uthorize, or employ the authority or influence of his office to secure authorization of any public contract in which he, a member of his family, or any of his business associates has an interest." R.C. 2921.42(E) provides that violations of R.C. 2921.42(A) are felonies. The oath taken by members of the board of trustees of a regional airport authority pursuant to R.C. 308.04 includes the affirmation that the member "will not be interested directly or indirectly in any contract let by the regional airport authority." From the record, it appears certain that Craven's involvement in negotiating and formulating the contract between Morrow County Airport Authority and Whetstone Flyers was prohibited by R.C. 308.04 and 2921.42(A). The statute of limitations for filing any criminal action against Craven has passed. R.C. 2901.13(A)(1)(a).

{¶ 8} Neither R.C. 308.04 nor 2921.42 declares that contracts entered into in violation of either statute are void. See *Commercial Credit Co. v. Schreyer* (1929), 120 Ohio St. 568, 575–576, 7 Ohio Law Abs. 333, 166 N.E. 808 ("if the act or contract is not prohibited, and the act is done otherwise than in the manner prescribed, or if the contract is made in form other than that provided, the unlawful manner may be punished, but the transaction itself is held to be legal"). With respect to a circumstance similar to the one before us, the General Assembly has provided, "Whenever a local director or member of a board of education votes for or participates in the making of a contract with a person as a teacher or instructor in a public school to whom he is related as father, brother, mother, or sister, or acts in any matter in which he is pecuniarily interested, such contract, or such act in such matter, is void." R.C. 3319.21. Although it could have done so, the General Assembly has not stated that contracts entered into in violation of R.C. 308.04 or 2921.42(A) are void.

{¶ 9} The court of appeals cites the Eleventh District Court of Appeals for the proposition that contracts made in violation of state statute or in disregard of such statutes are void. See *Benefit Servs. of Ohio, Inc. v. Trumbull Cty. Commrs.*, 11th Dist. No. 2003–T–0045, 2004-Ohio-5631, 2004 WL 2376479, ¶ 33. But neither the General Assembly nor this court has ever made such a declaration. Instead, the General Assembly apparently has determined that the prospect of criminal prosecution is sufficient to dissuade public officials from entering into contracts in violation of state law. R.C. 2921.42(E).

{¶ 10} The Morrow County Board of County Commissioners adopted a resolution on November 19, 1986, ratifying the contract in which Craven had an interest. Previously, the state auditor had questioned the airport authority's purchase of land, the handling of grant money, and the establishment of the

airport authority. The commissioners' resolution declared an intent to establish or reestablish the airport authority under the same name and to adopt any actions taken by the airport authority thus far. The resolution was adopted pursuant to R.C. 308.01 et seq., which provides for the creation of a regional airport authority. Craven was not involved in the ratification of the contract. Moreover, both parties faithfully performed pursuant to the contract for approximately 20 years.

{¶ 11} In the absence of a statutory provision to the contrary, we conclude that the contract was not void, even though it was entered into in violation of R.C. 308.04 and 2921.42(A)(1). We reverse the judgment of the court of appeals and remand the cause for further proceedings.

Judgment reversed
and cause remanded.

MOYER, C.J., WAITE, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

O'DONNELL, J., concurs in judgment only.

CHERYL L. WAITE, J., of the Seventh Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

———

Manos, Martin, Pergram & Dietz Co., L.P.A., and Dennis L. Pergram, for appellant.